IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDETECH, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>BRILLIANT INSTRUMENTS, INC.; and<br>SHALOM KATTAN,<br><br>        Defendants._____/ | No. C 10-05669 CW<br><br>ORDER GRANTING<br>PLAINTIFF'S<br>MOTION TO REMAND<br>AND REQUEST FOR<br>ATTORNEYS' FEES<br>(Docket No. 4) |

   Plaintiff Guidetech, LLC, moves to remand this action to Santa Clara County Superior Court and for attorneys' fees for improper removal.  Defendants Brilliant Instruments, Inc.; and Shalom Kattan oppose Plaintiff's motion.  The motion was taken under submission on the papers.  Having considered the papers submitted by the parties, the Court GRANTS Plaintiff's motion to remand and for attorneys' fees for improper removal.

                          BACKGROUND

   Plaintiff Guidetech, LLC, is a California limited liability company, with a principal place of business in Mountain View, California.  Defendant Brilliant Instruments, Inc., is a Delaware corporation, with a principal place of business in Campbell,

California.  Defendant Kattan is a California resident.

Plaintiff and Brilliant are allegedly competitors in the market for "precision time and frequency measurement instruments." Am. Compl. ¶ 11.  Kattan allegedly served as Plaintiff's chief technology officer.  Plaintiff avers that, at the time he resigned from that position in February, 2004, Kattan signed a non-disclosure agreement, in which he covenanted not to disclose Plaintiff's confidential proprietary information.

Plaintiff pleads that Kattan, who allegedly founded and is now president of Brilliant, has since breached that non-disclosure agreement by disclosing confidential information to Plaintiff's customers.  Plaintiff also alleges that Defendants have made slanderous statements about it.

Plaintiff filed its action in Santa Clara County Superior Court on November 12, 2010.  Against both Defendants, Plaintiff brings claims for intentional and negligent interference with prospective economic advantage and slander.  Against Kattan, Plaintiff pleads a claim for breach of contract.

On December 14, 2010, Defendants removed Plaintiff's action, asserting that the Court has original jurisdiction under 28 U.S.C. § 1367(a).  Following removal, the Court related this action, pursuant to Civil L.R. 3-12, to Brilliant Instruments, Inc. v. Guidetech, LLC, Case No. C 09-5517 CW (N.D. Cal.).  In that action, Brilliant seeks declarations that its products do not infringe Plaintiff's U.S. Patent Nos. 6,091,671 ('671 patent); 6,181,649 ('649 patent); 6,226,231 ('231 patent); 6,456,959 ('959 patent); 6,621,767 ('767 patent); 6,999,382 ('382 patent); and 7,203,610

2

('610 patent).

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

## DISCUSSION

Defendants do not dispute that this action is not subject to the Court's federal question or diversity jurisdiction. Instead, they assert that the Court "has original jurisdiction under 28 U.S.C. § 1367(a)." Notice of Removal ¶ 4. This statute provides that, subject to some exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367(a) does not, however, provide the Court

3

with original jurisdiction over an action and, thus, removal pursuant to it is improper.

This issue is not subject to reasonable dispute. In <u>Patel v. Del Taco, Inc.</u>, the Ninth Circuit stated that § 1367, "which provides for supplemental jurisdiction, is not a basis for removal" and that the appellant's argument to the contrary was "frivolous." 446 F.3d 996, 999 (9th Cir. 2006). The court thereby affirmed the district court's award of attorneys' fees to the appellee that had sought remand, concluding that there was "no objectively reasonable basis for removal." <u>Id.</u>

Defendants assert that, because this lawsuit relates to Brilliant's patent infringement action, "fairness and equity justify a reasonable exception" to <u>Patel</u>. Opp'n 3. This argument is frivolous. There is no authority that permits this Court to exercise original jurisdiction based on "fairness and equity."

Although there is no legal basis for removal, it would be more efficient for the parties' disputes to be litigated in one court. The parties may consider stipulating to allow Plaintiff to bring the claims in this action as counterclaims in <u>Brilliant Instruments, Inc. v. Guidetech, LLC</u>, Case No. C 09-5517 CW (N.D. Cal.). However, because fact discovery in that case closed on January 21, 2011 and trial is set for September 12, 2011, such a stipulation may also require an agreement concerning case management dates.

Irrespective of the parties' decision, the Court lacks subject matter jurisdiction over this action. However, the Court stays its order for three days to allow the parties to discuss a stipulation

4

1  permitting Plaintiff to bring its claims in this action as
2  counterclaims in Case No. C 09-5517 CW.  If the parties so
3  stipulate, the Court will dismiss this action for lack of subject
4  matter jurisdiction.  If the parties cannot agree, this action will
5  be remanded to Santa Clara County Superior Court.  Because
6  Defendants lacked an objectively reasonable basis to remove this
7  action, Plaintiff is entitled to recover "just costs and any actual
8  expenses, including attorney fees, incurred as a result of the
9  removal."  28 U.S.C. § 1447(c).  Plaintiff represents that, as a
10 result of removal, it incurred $3,375.00 in attorneys' fees.  See
11 Richert Decl. ¶ 4.

## CONCLUSION

13  For the foregoing reasons, the Court GRANTS Plaintiff's motion
14 to remand and for attorneys' fees for improper removal.  (Docket
15 No. 4.)  Because Defendants lacked an objectively reasonable basis
16 to remove this case, they shall remit to Plaintiff $3,375.00 for
17 attorneys' fees it incurred as a result of the removal.

18  The Court stays its order for three days to allow the parties
19 to discuss whether Plaintiff may bring its claims in this action as
20 counterclaims in Case No. C 09-5517 CW.  If the parties can agree,
21 they shall immediately file a stipulation with the Court.  If a
22 stipulation is entered, this case will be dismissed for lack of
23 subject matter jurisdiction and a case management conference will
24 be held in Case No. C 09-5517 CW on March 15, 2011 at 2:00 p.m. to
25 discuss changes to the case management order based on any new
26 counterclaims.

27  If the parties do not respond by March 11, 2011, the Court

1  will direct the Clerk to remand this action to Santa Clara County
2  Superior Court.
3     IT IS SO ORDERED.

5  Dated: March 8, 2011

   CLAUDIA WILKEN
   United States District Judge